**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6789**

MICHAEL G. CAPPS,

        Plaintiff - Appellant,

   v.

BRIAN LONG; JUSTIN PELFREY; JOSH LABRECQUE,

        Defendants - Appellees,

   and

OCONEE COUNTY SHERIFF'S DEPARTMENT; MIKE CRENSHAW; KEVIN DAVIS; JEFF UNDERWOOD; SOUTH CAROLINA INSURANCE RESERVE FUND; CHRIS LOMBARD; ANN MACON SMITH,

        Defendants.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Donald C. Coggins, Jr., District Judge.  (8:18-cv-01434-DCC)

Submitted:  March 11, 2021             Decided:  October 18, 2021

Before RICHARDSON, Circuit Judge, and SHEDD and KEENAN, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael G. Capps, Appellant Pro Se. Stacey Todd Coffee, James William Logan, Jr., LOGAN, JOLLY & SMITH, LLP, Anderson, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises out of Michael G. Capps' civil suit invoking 42 U.S.C. § 1983, 18 U.S.C. §§ 241-242, and South Carolina state law and seeking damages against a host of Defendants—including Brian Long, Justin Pelfrey, and Josh Labrecque—as a consequence of an investigatory stop. By order dated August 2, 2019, the district court adopted the June 22, 2018, recommendation of the magistrate judge and dismissed Capps' claims based on 18 U.S.C. §§ 241-242 under 28 U.S.C. § 1915(e)(2)(B)(ii). In the August 2 order, the district court also adopted a portion of the magistrate judge's February 12, 2019, recommendation, denied Capps' motions for summary judgment, granted in part and denied in part the summary judgment motion filed by Long, Pelfrey, and Labrecque, and granted summary judgment under § 1983 to Pelfrey and Labrecque on the portion of Capps' Fourth Amendment claim challenging their decision to initiate the investigatory stop. By order dated May 13, 2020, the district court adopted the March 11, 2020, recommendation of the magistrate judge, granted Long, Pelfrey, and Labrecque's second motion for summary judgment, declined to exercise supplemental jurisdiction over Capps' claims under state law against these Defendants, and dismissed Capps' action. Capps timely appealed.

On appeal, Capps challenges determinations in the May 13 order. In the March 11 recommendation, the magistrate judge advised Capps that his failure to file timely and specific objections to the recommendation would result in a waiver of a district court order based on the recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that

3

recommendation when the parties have been warned of the consequences of noncompliance. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). A failure to make a timely and specific objection to a recommendation constitutes a waiver of appellate review. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 103 (4th Cir. 2020). Capps failed to file objections to the March 11 recommendation after receiving proper notice and thus has waived appellate review of the May 13 order. He further has not provided any reason to excuse his failure to object, *see id.* at 103-06 (explaining circumstances in which this court may exercise its discretion to excuse waiver), and we thus conclude that discretionary review of Capps' waived challenges to the May 13 order is not warranted.

Capps also appeals the portion of the August 2 order dismissing pursuant to § 1915(e)(2)(B)(ii) his claims under 18 U.S.C. §§ 241-242. "The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). Accordingly, we review de novo a dismissal under § 1915(e)(2)(B)(ii), accepting as true all well-pleaded facts. *Id.* "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas*, 841 F.3d at 637 (internal

4

quotation marks omitted). Capps asserted in his complaint that Long, Pelfrey, Labrecque and other Defendants violated 18 U.S.C. §§ 241 and 242 in this case, that he was damaged by these violations, and that he was entitled to relief for such damages under § 1983. Sections 241 and 242 of Title 18 of the United States Code, however, are federal criminal statutes, and Capps has not shown that these statutes give rise to civil liability or authorize a private right of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Capps also challenges the ruling in the August 2 order denying his summary judgment motions and granting summary judgment to Pelfrey and Labrecque under § 1983 on his Fourth Amendment claim against them for an unconstitutional stop. We review the district court's rulings on cross-motions for summary judgment de novo. *Young v. Equinor USA Onshore Props., Inc.*, 982 F.3d 201, 205 (4th Cir. 2020). Summary judgment is only appropriate if "no material facts are disputed and the moving party is entitled to judgment as a matter of law." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc) (internal quotation marks omitted). "Ordinarily, when a district court's grant of summary judgment disposes of cross-motions for summary judgment, we consider each motion separately on its own merits, resolving all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Wingate v. Fulford*, 987 F.3d 299, 304 (4th Cir.) (internal quotation marks omitted), *petition for cert. filed* (U.S. June 4, 2021). The parties, however, do not present competing versions of the facts, and we therefore review the propriety of the rulings on the motions "in tandem." *Id.*

The Fourth Amendment, which protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures," U.S. Const. amend IV, extends to "brief investigatory stops . . . that fall short of traditional arrest," *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *Terry v. Ohio*, 392 U.S. 1, 9 (1968)); *see United States v. Kehoe*, 893 F.3d 232, 237 (4th Cir. 2018). Consistent with the Constitution, a police officer may stop and briefly detain a person when the officer "has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *United States v. Hensley*, 469 U.S. 221, 227 (1985) (internal quotation marks and emphasis omitted).

After review of the record, we conclude that the district court did not reversibly err in granting summary judgment to Pelfrey and Labrecque on this portion of Capps' claim. Prior to stopping Capps, these Defendants had received reliable and credible information that he was taking pictures of children and had reported that he was pedophile. Capps also was observed possessing a camera and refused to explain what he was photographing. Altogether, the information these Defendants had gave rise to a reasonable suspicion that Capps was in possession of child pornography or was grooming children in preparation for child trafficking or abduction. *See United States v. Perkins*, 363 F.3d 317, 326-28 (4th Cir. 2004) (upholding investigatory stop where observed conduct, though legal, rightfully aroused officer's suspicion of criminal activity in light of a tip and confirmatory surrounding circumstances). We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

6

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED